*943 OPINION OF THE COURT
Stanley L. Sklar, J.
In this medical malpractice action, plaintiffs motion for leave to amend the pleadings to add plaintiffs former counsel as a defendant and assert a legal malpractice cause of action against that law firm is denied.
This action commenced by plaintiffs former counsel on or about October 6, 2005 alleges that the defendants were negligent in failing to diagnose and treat a post-cardiac catheterization hemorrhage. Plaintiffs current counsel asserts that during discovery plaintiff learned that a Dr. Glasser who was not sued was one of the doctors responsible for her postcatheterization care. Current counsel maintains that Dr. Glasser should have been sued by former counsel before the statute of limitations expired, at the latest on October 24, 2005, and now seeks an order permitting plaintiff to amend the pleadings to add plaintiffs former counsel as a party defendant so as to assert a legal malpractice cause of action against that law firm.
The motion is denied. CPLR 1002 (b) provides that defendants may be joined in an action where there is a right to relief “arising out of the same transaction, occurrence, or series of transactions or occurrences ... if any common question of law or fact would arise.” Assuming arguendo that the legal and medical malpractice causes of action present a common question of law or fact, the right to relief in the legal malpractice cause of action does not arise out of the same transaction, occurrence or series of transactions or occurrences as those involved in the medical malpractice causes of action. Rather, the legal malpractice claim arises out of the legal services rendered by former counsel in representing the plaintiff, whereas the medical malpractice claims arise out of the medical services rendered to the plaintiff at the defendant hospital. Thus the motion must be and hereby is denied.